NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-428

TALITHAANN WEEKES & another[1]

vs.

ROGER BEARDE & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Talithaann Weekes and C. Caldwell, appeal from an entry of final judgment in favor of the defendants, Roger Bearde and K.B.R., Inc., achieved by partial summary judgment on one count, the allowance of the defendants' special motion to dismiss pursuant to G. L. c. 231, § 59H, on three counts, jury verdict on two counts, and dismissal of the remaining counts.[3] We conclude that, having not disputed that

---

[1] C. Caldwell, also known as Cortney Caldwell, intervener.

[2] K.B.R., Inc., and Penn-America Insurance Company.

[3] The plaintiffs also appeal from the dismissal of their G. L. c. 93A and G. L. c. 176D claims against Penn-America Insurance Company. The plaintiffs raise no argument concerning these counts, except to suggest that these counts should be

Bearde towed Weekes's vehicle upon request by the police, Weekes cannot challenge the grant of partial summary judgment by contesting that assertion based on the trial evidence.  We further conclude that the trial judge acted within his discretion in denying the motion for a new trial.  Concluding finally that the plaintiffs failed to show that Bearde's report to the police was devoid of any reasonable factual support or any arguable basis in the law, we affirm.

1.  Motion for summary judgment.  a.  Standard of review.  "We review a grant of summary judgment de novo."  Lawless v. Estrella, 99 Mass. App. Ct. 16, 18 (2020), quoting Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020).  "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."  Driscoll v. Melrose, 106 Mass. App. Ct. 298, 300 (2025).  "In deciding a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits."  Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 506 (2019), quoting Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).

reinstated if the counts against the other defendants are reinstated.

2

b.  Negligent infliction of emotional distress.  "To recover for the tort of negligent infliction of emotional distress, a plaintiff must prove: '(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.'"  Conley v. Romeri, 60 Mass. App. Ct. 799, 801 (2004), quoting Payton v. Abbott Labs, 386 Mass. 540, 557 (1982).  "[W]e must view the evidence in the summary judgment record, and all the reasonable inferences that can be drawn therefrom, in the light most favorable to the nonmoving party, here . . . the plaintiff."  Baptista v. Bristol County Sheriff's Dep't, 100 Mass. App. Ct. 841, 844 (2022).

On appeal, Weekes's claim for negligent infliction of emotional distress is rooted in her allegation that the defendants breached a duty of care to her when they "wrongfully towed [her] car."  In the statement of undisputed material facts submitted with the summary judgment package, the plaintiffs explicitly did not dispute that "the Quincy Police Department contacted [the defendants] to tow the plaintiff's car," and that Bearde "towed the plaintiff's car solely because it was requested to do so by the Quincy Police Department."  On appeal, however, the plaintiffs rely on trial evidence to argue that the defendants towed Weekes's vehicle "on their own accord," and

3

that this decision was negligent.  Having agreed to one set of facts for the purposes of summary judgment, the plaintiffs cannot attack the grant of summary judgment by now disputing those facts.  See Godfrey v. Globe Newspaper Co., 457 Mass. 113, 121 (2010).  Accordingly, the plaintiffs' challenge to the grant of summary judgment on the claim of negligent infliction of emotional distress fails.

2.  Motion for a new trial.  a.  Standard of review.  We review the denial of a motion for a new trial for an abuse of discretion.  See Wahlstrom v. JPA IV Mgt. Co., 95 Mass. App. Ct. 445, 448 (2019).  "The standard that a trial judge is to apply on a motion for a new trial in a civil case is whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion."  Meyer v. Wagner, 57 Mass. App. Ct. 494, 504-505 (2003), quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993).

b.  Weight of the evidence.  "A judge may set aside a verdict as against the weight of the evidence only when, drawing all inferences in favor of the nonmoving party, the judge determines that 'the jury "failed to exercise an honest and reasonable judgment in accordance with the controlling

4

principles of law."'" Sugarman & Sugarman, P.C. v. Shapiro, 102 Mass. App. Ct. 816, 824 (2023), quoting O'Brien v. Pearson, 449 Mass. 377, 384 (2007). "We review the denial of the . . . motion for a new trial for abuse of discretion, extending 'considerable deference' where the trial judge and motion judge were the same" (citation omitted). Parsons v. Ameri, 97 Mass. App. Ct. 96, 103 (2020), quoting Gath v. M/A-Com, Inc., 440 Mass. 482, 492 (2003). Here, Weekes testified that she did not encounter or see Bearde when she removed her vehicle from the impound lot. Bearde testified that he approached Weekes before she entered the vehicle and told her that she had to pay the towing fee and that she looked at him. He further testified that, when she started the vehicle, he banged on its side and she ran over the tip of his boot. Bearde's employee testified that he witnessed Bearde's banging on the vehicle and yelling at Weekes. In short, both sides presented contested testimony, and the jury chose to credit Bearde's and his employee's testimony. We discern no abuse of discretion in the judge's denial of the motion for a new trial on this basis.

c. Waived arguments. The plaintiffs raise several arguments first asserted in their new trial motion that were not preserved at trial and are therefore waived. See Charles v. Leo, 96 Mass. App. Ct. 326, 338 n.6 (2019). First, the plaintiffs assert that "actions of the court tampered with the

5

fair administration of justice and a mistrial should have voluntarily been declared by the court," and that they were "placed in a bias environment."  The plaintiffs' counsel, however, made no objection or request for recusal during the trial.  See Demoulas v. Demoulas Super Mkts., Inc., 432 Mass. 43, 50 (2000), quoting Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 547 (1998) ("recusal motions filed after trial are presumptively untimely at least absent a showing of good cause for tardiness").  In any event, we discern no bias.  See Masingill v. EMC Corp., 449 Mass. 532, 547 (2007); Cooper v. Keto, 83 Mass. App. Ct. 798, 810 (2013).  The judge was certainly frustrated at the lack of pretrial communication between the parties and this resulted in pointed questioning of both counsel.  See Cooper, supra at 810 (transcript merely showed "a busy trial judge obviously frustrated by the father's counsel's obstructionist tactics"); Correia v. Correia, 70 Mass. App. Ct. 811, 818 (2007) (judge "frustrated by the [defendant's] extreme delay in completing the [sexual abuse] evaluations" did not need to be disqualified, even though "words he uttered from the bench reflected those feelings").  See also Commonwealth v. Deconinck, 480 Mass. 254, 269 (2018), quoting Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do

6

not support a bias or partiality challenge").  The record demonstrates that the judge, though tough, was evenhanded and measured, and held both sides to an appropriate standard.  See Sullivan v. Connolly, 91 Mass. App. Ct. 56, 60 (2017) (judge took "a balanced approach" where "[n]either party was favored by her careful and appropriate distinctions" between permissible and impermissible evidence).

Additionally, the plaintiffs assert that "[t]he court should have declared a mistrial due to the miscarriage of justice that occurred throughout the entire trial."  Plaintiffs' counsel, however, never requested a mistrial or any other corrective action.  See Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 120 (2000) ("The defendants did not move for a mistrial at any point in the proceedings . . . , which we view as an indication that any prejudice was minimal").  Moreover, "[t]he decision to declare a mistrial is entrusted to the 'sound discretion' of the trial judge," Read v. Commonwealth, 495 Mass. 312, 319 (2025), quoting Commonwealth v. Bryan, 476 Mass. 351, 352 (2017), and "is 'generally regarded as the "most drastic remedy and should be reserved for the most grievous error where prejudice cannot otherwise be removed."'" Fitzpatrick v. Wendy's Old Fashioned Hamburgers of N.Y., Inc., 487 Mass. 507, 513 (2021), quoting Pasquale v. Ohio Power Co., 187 W. Va. 292, 309 (1992).  The record here does not suggest

7

that the judge was required to "voluntarily" declare a mistrial, and his decision to "exclude[e] [certain] evidence and witnesses" need not be disturbed.[4]  See Sugarman & Sugarman, P.C., 102 Mass. App. Ct. at 822.

The plaintiffs raise two final arguments that are likewise waived.  First, the plaintiffs assert that, during the judge's "review on its decision to exclude witnesses," "[a] few pages of a deposition transcript were shown only to the court (judge) and [the plaintiffs] were deprived of reviewing" the pages.  Next, the plaintiffs state that "[d]uring the Appellants' closing arguments the Appellants observed the court (judge) took off its (his) glasses and stare down at the jury" and "[t]he court asked the Appellants' counsel when she will conclude her closing" after only thirteen minutes.  Absent any contemporaneous objection or other clarification, we simply have no way to know whether these assertions are true.  On this record, these arguments are waived.  See Wildlands Trust of Southeastern Mass., Inc. v. Cedar Hill Retreat Ctr., Inc., 98 Mass. App. Ct. 775, 787 (2020).

3.  Anti-SLAPP.  a.  Standard of review.  "[A] ruling on a special motion to dismiss is subject to de novo review on

_____

[4] The plaintiffs did object to the judge's initial refusal to allow Makeba Farguson and Darren Griffin to testify.  Both, however, ultimately testified.

8

appeal." Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 577 (2024). We evaluate a special motion to dismiss in two stages.[5] Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 555-557 (2024). First, "a proponent of a special motion to dismiss under § 59H must 'make a threshold showing through the pleadings and affidavits that the claims against it are "based on" the [party's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.'" Id. at 555, quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168 (1998). If this threshold showing is made, "the statute requires allowance of the special motion to dismiss, 'unless the [special motion opponent] shows' that the special motion proponent's exercise of its right to petition '[(1)] was devoid

---

[5] The defendants first filed the special motion to dismiss pursuant to G. L. c. 231, § 59H, on September 23, 2021. The motion judge denied it in part, finding the false imprisonment claim "colorable." In 2024, the Supreme Judicial Court reworked the anti-SLAPP analysis, eliminating the "second path," where the motion opponent could defeat the motion to dismiss by showing that the claims were "colorable" and not raised for the primary purpose of chilling petitioning activity. Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 552 (2024). Then, in light of Bristol Asphalt Co., the defendants filed a motion for reconsideration of the special motion to dismiss, arguing that "it has already been established that Mr. Bearde's call to the police was not devoid of any reasonable factual support or any arguable basis in the law, [so] her claims . . . must fail under the anti-SLAPP statute." The motion judge allowed the motion to dismiss with respect to the false imprisonment claim.

of any reasonable factual support or any arguable basis in law' and (2) 'caused actual injury to the [special motion opponent].'"  Bristol Asphalt Co., supra at 557, quoting G. L. c. 231, § 59H.

The false imprisonment, malicious prosecution, and abuse of process claims were all based on Bearde's report to the police, plainly petitioning activity, and thus the defendants made their threshold showing.  See O'Gara v. St. Germain, 91 Mass. App. Ct. 490, 497 (2017) ("When a person reports suspected criminal activity to the police, she is engaging in constitutionally-based petitioning activity for purposes of G. L. c. 231, § 59H").  See also Benoit v. Frederickson, 454 Mass. 148, 153 (2009) ("involvement in [the] reporting of crimes to the police plainly comes within the scope of petitioning").

Next, under the second step delineated by Bristol Asphalt Co., 493 Mass. at 557, the plaintiffs failed to meet their burden to show that Bearde's report to the police was devoid of any reasonable factual support or arguable basis in the law. Here, the defendants presented the affidavit of an employee who averred that he witnessed Bearde run towards Weekes's vehicle, yell at her to stop, and bang on the vehicle.  He further averred that Bearde shouted "oof" and almost fell down as Weekes drove away and that "it is certainly possible that the car's wheels or some other part of the car struck him as it pulled

10

away." In response, the plaintiffs provided a letter by Bearde's attorney stating that Weekes struck Bearde with her vehicle and Weekes's own affidavit stating that she "never hit anyone or saw anyone." This was an inadequate showing to defeat an anti-SLAPP motion, as "a plaintiff cannot meet its burden merely by presenting affidavits contradicting the factual basis of the special movant's petitioning activities." 477 Harrison Ave., LLC v. JACE Boston, LLC, 477 Mass 162, 173 (2017), S.C., 483 Mass. 514 (2019). Accordingly, the special motion to dismiss was properly allowed.[6]

Judgments affirmed.

Orders dated November 21, 2024, denying motions for reconsideration, affirmed.

Order dated November 21, 2024, denying motion for new trial, affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[7]),

*Paul Little*

Clerk

Entered: July 20, 2026.

---

[6] We deny Penn-America Insurance Company's request for appellate attorney's fees. See G. L. c. 211A, § 15; Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019). "[T]he plaintiffs' arguments, although ultimately unpersuasive, are not frivolous." Michaels v. Zoning Bd. of Appeals of Wakefield, 71 Mass. App. Ct. 449, 453 n.8 (2008).

[7] The panelists are listed in order of seniority.